# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                  **Case Nos.:  3:08cr61/LAC/CJK**
                                                    **3:10cr438/LAC/CJK**
**JAMEL SHIELDS**
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 401, 403),[1] the Government's response (doc. 410) and Defendant's reply (doc. 418). Defendant also has filed a "Motion to Supplement an Issue to an Existing Issue within Pending Motion to Vacate" (doc. 501), to which the Government has responded (doc. 502). This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

_____

[1]The court allowed Defendant to rely upon his original memorandum of law, although he had been required to file an amended § 2255 motion (*see* docs. 402, 405, 406).

# PROCEDURAL BACKGROUND

Defendant and nine others were charged in a single count indictment with conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of cocaine and five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(ii) and (iii) (doc. 101). Defendant entered a plea of guilty after filing a notice of alibi in which he indicated that he was incarcerated during part of the charged conspiracy (doc. 166, 189, 202). The district court's plea colloquy with the then-nineteen year old Defendant was thorough, but unremarkable (doc. 202). Defendant admitted his involvement in the charged conspiracy and the penalties were explained to him (*id.* at 7–9). There was no agreement at the time regarding Defendant's cooperation, but the Government said that it welcomed the opportunity to meet with Defendant if he chose to do so in the future (*id*. at 10). Defendant indicated his satisfaction with counsel and that he had no further questions for the court (*id*. at 11–12).

The Presentence Investigation Report ("PSR") was disclosed to the defense on September 24, 2008 (doc. 237). Pursuant to an agreement reached with the Government, Defendant was held accountable for 1.46 kilograms of cocaine base, which corresponded to a base offense level of 34 (PSR ¶¶ 111, 187–188). Two levels were added pursuant to § 2D1.1(b)(1) of the Guidelines due to one or more co-conspirators' possession of a firearm during the offense conduct (PSR ¶ 112). After a three level downward adjustment for acceptance of responsibility, Defendant's total offense level was 33 (PSR ¶¶ 117, 120). Due to two prior convictions and the fact that the instant offense conduct was committed less than two years following Defendant's release from custody, Defendant's criminal history category was III (PSR

¶¶ 125). All of Defendant's objections were withdrawn after he and the Government reached a negotiated agreement on the quantity of drugs to be attributed to him (doc. 410, exh. H). The applicable advisory guidelines range was 168 to 210 months. The court sentenced Defendant at the low end of this range, to a term of 168 months imprisonment (docs. 278; 336 at 11).

Defendant appealed, contending that his sentence was substantively unreasonable because it over-represented his criminal history and failed to take into account the disparity between the guidelines' treatment of offenses involving cocaine and cocaine base (doc. 386 at 3–4). The Eleventh Circuit affirmed the district court's sentence (*id*. at 4).

Defendant filed his original motion to vacate and memorandum of law in October of 2010 (docs. 400, 401). He was directed to amend the motion due to his failure to properly fill out the § 2255 form, and he complied (doc. 402, 403). The court served the amended motion and original memorandum of law on the Government on December 6, 2010 (doc. 406). The Government filed a response, including numerous exhibits, some of which were filed under seal (doc. 410). Defendant moved to amend his § 2255 motion, and this motion was denied after response from the Government (docs. 412, 414, 415). Defendant filed a reply (doc. 418), followed by three additional motions to amend, which also were denied (*see* docs. 454, 460; 485, 486; 493, 494, 497, 498). Most recently, he filed a motion to supplement (doc. 501), which the Government opposes (doc. 502). This motion will be granted to the limited extent that the court will consider the arguments raised therein for purposes of ruling on the instant motion.

In his pending § 2255 motion, Defendant raises ten grounds for relief, variously challenging the sufficiency of the indictment, the adequacy of his plea colloquy, the court's jurisdiction over him, the constitutionality of 21 U.S.C. § 846, the drug quantity attributed to him, and the performance of both trial and appellate counsel. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211

F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994); <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal, such as many of those raised by Defendant in this case, generally are not actionable in a section 2255 motion and will be considered procedurally barred.  <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998);  <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  <u>Lynn</u>, 365 F.3d at 1232 n. 14 (quoting <u>Mills</u>, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly

attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013) (citations omitted). Strickland's two part test also applies to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and instead would have insisted on proceeding to trial. *Id.* at 59.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances." <u>Strickland</u>, 466 U.S. at 688; *see also* <u>Dingle v. Secretary for Dept. of Corrections</u>, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." <u>Hammond v. Hall</u>, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting <u>Strickland</u>, 466 U.S. at 689; <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000); <u>Lancaster v. Newsome</u>, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. <u>Strickland</u>, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); <u>Chandler</u>, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." <u>Chandler</u>, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369–70 (1993); <u>Allen v. Secretary, Florida Dep't of Corrections</u>, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must

establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart</u>, 506 U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. <u>Smith v. White</u>, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the <u>Strickland</u> test. *See* <u>Boyd v. Comm'r, Ala. Dep't of Corrections</u>, 697 F.3d 1320, 1333–34 (11th Cir. 2012); <u>Garcia v. United States</u>, 456 F. App'x 804, 807 (11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." <u>Chandler</u>, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears

to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

## Ground One: Sufficiency of the Indictment

Defendant first contends that the indictment was constitutionally deficient because it failed to set forth all the elements of conspiracy–specifically, it failed to set forth the manner and means of agreement. This claim, which could have been raised on appeal, is procedurally barred, *see* Lynn, 365 F.3d at 1234–35, and also without merit.[2]

In considering the sufficiency of an indictment, the appropriate test is "not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." United States v. McGarity, 669 F.3d 1218, 1235–36 (11th Cir. 2012) (citation omitted). The Eleventh Circuit has specifically stated that "[a]n indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count." United States v. Pease, 240 F.3d 938, 943 (11th Cir. 2001) (citation omitted). An indictment such as the one in this case is constitutionally sufficient "if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated." *Id.* (citation omitted). The Government is not required to prove an "overt act" for a drug conspiracy. *See* United States v. Harrison, 329 F.3d 779, 783 (11th Cir. 2003). The indictment in this case contained the requisite information (*see* doc. 101), and there is no basis for Defendant's request for relief.

## Grounds Two and Three: Adequacy of Plea Colloquy

Defendant's next two claims for relief challenge the adequacy of the plea proceedings. Defendant asserts that the district court failed to establish a factual basis

---

[2]Because Defendant's motion includes allegations of ineffective assistance of counsel, the court will include a discussion of the merits of even those claims that are procedurally barred.

for his guilty plea, or to explain the nature of "conspiracy" to him in accordance with Rule 11 (ground two), and that his plea was accepted in violation of § 6B1.1(c) and § 6B1.4 of the Sentencing Guidelines (ground three). A challenge to the adequacy of the plea colloquy could have been raised on appeal and as such these claims are procedurally barred. Lynn, 365 F.3d at 1234–35. Furthermore, because the district court's plea colloquy was legally sufficient, this claim also is without merit.

The three core objectives of Rule 11 are: (1) to ensure that the guilty plea is free from coercion; (2) to ensure that the defendant understands the nature of the charges against him; and (3) to ensure that the defendant is aware of the direct consequences of the guilty plea. United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). The nature of the inquiry required by the rule varies from case to case. McCarthy v. United States, 394 U.S. 459, 467 n. 20 (1969); Camacho, 233 F.3d at 1314; United States v. Jones, 143 F.3d 1417, 1419 (11th Cir. 1998). In order to assess the adequacy of a Rule 11 colloquy, the reviewing court must examine the record as a whole. See Mosley, 173 F.3d at 1323–1324; United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir 1990); United States v. Pair, 312 F. App'x 176, 182 (11th Cir. 2008). For instance, the court found in Camacho that a defendant who was represented by counsel who never voiced either any confusion about the charge to which she was pleading or any objection to the Rule 11 inquiry had entered a lawful plea. 233 F.3d at 1316; see also Mosley, 173 F.3d at 1324 (in determining whether a defendant understands the nature of the charges to which he is pleading, the reviewing court must "affirm the district court if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting

constituted the crime charged.'") (quoting Lopez, 907 F.2d at 1099). There is nothing in the record of the plea proceeding to suggest that Defendant had any confusion about the nature of the charges against him in this case (*see* doc. 202 at 11–12).[3] He confirmed, under oath, his participation in the sale and distribution of cocaine and crack cocaine in Milton, Florida along with co-defendants Adrian Cathwon, Deshric Slack and Tremaine Hamilton (doc. 202 at 7–8). Additionally, in order for the court to determine that there is a factual basis for the plea, it need only have been "presented with evidence from which it could reasonably find that the defendant was guilty." Camacho, 233 F.3d at 1317 (quoting Lopez, 907 F.2d at 1100).

With respect to the other two core Rule 11 requirements, the court notes that Defendant was specifically advised about the potential sentence he faced, and he confirmed that he and counsel had discussed the advisory sentencing guidelines and how they might work in his case (doc. 202 at 8–10). Defendant also acknowledged that he understood that the actual sentence could not be determined until after the completion of the PSR (*id*. at 9). Finally, Defendant denied having been threatened or forced or pressured or intimidated in any way that caused him to enter the plea (doc. 202 at 10–11). A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Solemn declarations made under oath in open court carry a strong presumption of verity. *Id.*; United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (citing United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir.

---

[3]Counsel also confirmed in his affidavit that he explained the nature of a conspiracy charge and the elements of conspiracy to his client (doc. 410, exh. Gat 3).

1987)); <u>United States v. Thomas</u>, 488 F. App'x 440 (11th Cir. 2012) (citing <u>Gonzalez-Mercado</u>). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. <u>Blackledge</u>, 431 U.S. at 73–74.

To the extent Defendant contends that his guilty plea was accepted in violation of § 6B1.1(c) and § 6B1.4 of the Sentencing Guidelines, he is not entitled to relief. Defendant chose to enter a plea without the benefit of a written plea and cooperation agreement, and he ultimately did not cooperate with the Government. Hence, these policy statements of the guidelines which apply expressly to plea agreements are inapplicable. Finally, Defendant's claim that he did not understand the impact that the PSR would have on his sentence is belied by the transcript of the plea colloquy (doc. 202 at 9; *see also* doc. 410, exh. G, affidavit of trial counsel).

In sum, the district court complied with the requisites of Rule 11 at Defendant's plea colloquy, there was no constitutional infirmity in the procedures, and he is not entitled to relief.

## **Ground Four: Lack of Jurisdiction**

In Defendant's fourth ground for relief, he contends that the Government lacked jurisdiction to prosecute him in a federal tribunal because there was no allegation that the cocaine involved in the case had traveled across state lines or otherwise affected interstate or foreign commerce. The Eleventh Circuit has expressly found that the illegal possession and sale of drugs affects interstate commerce and therefore that Congress has authority under the Commerce Clause to criminalize and punish drug-related activity. <u>United States v. Jackson</u>, 111 F.3d 101,

102 (11th Cir. 1997); <u>United States v. Bernard</u>, 47 F.3d 1101, 1103 (11th Cir. 1995); <u>United States v. Lopez</u>, 459 F.2d 949 (5th Cir.), *cert. denied*, 409 U.S. 878 (1972)[4]; <u>United States v. Peterson</u>, 194 Fed. App'x 786 (11th Cir. 2006); <u>United States v. Moon</u>, 151 F. App'x 807, 809 (11th Cir. 2005); *see also* <u>Gonzalez v. Raich</u>, 545 U.S. 1, 17–18 (2005). Federal jurisdiction over the charged offense conduct was proper, and Defendant is not entitled to relief.

## Grounds Five through Seven: Drug quantity attributed to Defendant

In grounds five, six and seven, Defendant raises various challenges to the quantity of drugs attributed to him. Defendant contends that his substantial rights were violated when he was held accountable for 1.46 kilograms of crack, in light of the fact that his guilty plea was to "five (5) grams" of cocaine base, as charged in the indictment (ground five). Alternatively, he contends that the court did not have jurisdiction to sentence him based on more than five grams of crack (ground six). He also contends that title 21 U.S.C. § 841(b)(1)(B)(iii) does not contain a "relevant conduct" provision and as such does not allow the court to consider relevant conduct in fashioning a sentence (ground seven). These claims are both procedurally barred and substantively without merit. <u>Lynn</u> *supra*.

First, Defendant has misread the indictment. The quantity alleged in the indictment was "five (5) grams *or more* of a mixture and substance containing cocaine base, commonly known as 'crack cocaine'" (doc. 101 at 2, emphasis added). Furthermore, the quantity of drugs attributed to him was determined based upon an

---

[4]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir.1981) ( en banc ), the Eleventh Circuit held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

agreement reached with the Government (PSR ¶¶ 111, 187–188), and Defendant neither raised any further objection to drug quantity nor appealed this issue after the agreement was reached (*see* doc. 410, exh H). Finally, it is incumbent upon the district court "to base a drug-conspiracy offender's sentence on the offender's 'relevant conduct'" which may include both the offense of conviction and any other conduct that is part of the same course of conduct or common scheme. Edwards v. United States, 523 U.S. 511, 514 (1998). The Eleventh Circuit has expressly stated that under an advisory guidelines regime, "judicial fact-finding about relevant conduct that supports a sentence within the statutory maximum set forth in the United States Code does not violate the Sixth Amendment." United States v. Belfast, 611 F.3d 783, 827 (11th Cir. 2010) (citing United States v. Booker, 543 U.S. 220, 233 (2005)). Title 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *see also* Belfast, 611 F.3d at 827; United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006) (noting that 18 U.S.C. § 3661 "remains intact post-Booker"). The district court was not limited to considering only five grams of crack cocaine in fashioning Defendant's sentence.

Within Defendant's seventh ground for relief is a claim that he should not have received a two level enhancement for possession of a firearm without having been indicted and formally charged for this offense. Defendant withdrew his objection to the firearm adjustment before sentencing (doc. 410, exh. H). Furthermore, the argument Defendant now raises – that a due process violation ensues from application of the two level enhancement under the preponderance of the evidence standard rather

than requiring a charge and conviction based on proof beyond a reasonable doubt – is squarely foreclosed by <u>United States v. Martinez</u>, 924 F.2d 209, 211 (11th Cir. 1991). The § 2D1.1(b)(1) enhancement may be applied when the firearm is possessed by a co-conspirator. <u>United States v. Pham</u>, 463 F.3d 1239, 1245 (11th Cir. 2006); *see also* <u>United States v. Plummer</u>, 327 F. App'x 177, 182 (11th Cir. 2009) (firearm enhancement may be applied even where defendant claims he was unaware of the firearm possession) (citing <u>Martinez</u>).

Therefore, Defendant is not entitled to relief on any of these grounds.[5]

## Ground Eight: Constitutionality of 21 U.S.C. § 846

Defendant next contends that title 21 U.S.C. § 846 is unconstitutionally vague because it does not clearly explain the proscribed conduct. Again, this claim could have been raised on appeal, and as such is procedurally barred. <u>Lynn</u>, *supra*. Defendant purports to re-write the statute in a way that he suggests would cure the constitutional defects (doc. 401 at 41–42). While Defendant's proposed language is arguably more clear to a layman, the fact that a statute could have been drafted in a more readable manner does not render it unconstitutional, and he is not entitled to relief.

## Ground Nine: Actual and Factual Innocence

Defendant's ninth ground for relief is essentially a recap of the arguments made in grounds one, four, and five through seven. For the reasons set forth above, he is not entitled to relief.

---

[5]The court notes that the arguments raised in Defendant's "motion to supplement" would not change its conclusion, as <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) has no applicability to Defendant's case.

Case Nos.: 3:08cr61/LAC/CJK; 3:10cv438/LAC/CJK

**Ground Ten: Ineffective assistance of counsel**

In his last claim, Defendant contends that he was "constructively and structurally denied constitutionally effective assistance of counsel at every critical stage of the court's proceedings." To the extent Defendant claims that his attorneys were constitutionally ineffective for his failure to raise the issues underlying his first nine grounds for relief, Defendant has failed to show his entitlement to relief. Counsel is not constitutionally ineffective for his failure to raise meritless claims. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue). The same is true for appellate counsel. Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); *see also* Lambrix v. Singletary, 72 F.3d 1500, 1507 (11th Cir. 1996); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000). In this case, as noted in the affidavit of retained appellate counsel, the avenues for appeal were particularly limited in light of Defendant's guilty plea and the stipulation regarding the appropriate guidelines range (*see* doc. 410, exh. J at 4–5).

Defendant also contends that counsel did not review the second PSR with his client or read or review it himself. Even assuming the truth of Defendant's assertion that counsel did not review the revised PSR before sentencing, Defendant has failed to show how he was prejudiced by this alleged failure. The record reflects that prior

to sentencing defense counsel and the Government had negotiated an agreement to limit the quantity of drugs for which Defendant would be held accountable, thus reducing his sentencing exposure. The defense withdrew its objections to the firearms adjustment and the criminal history calculation at that time (doc. 410, exh. H). There were no other "changes" to the revised PSR that had any effect on the outcome of the proceedings. Defendant has failed to carry his burden under Strickland with respect to this claim.

Defendant also asserts that his attorney failed to conduct any investigation of the case. Counsel need not always investigate before pursuing or not pursuing a line of defense. Chandler v. United States, 218 F.3d 1305, 1318 (11th Cir. 2000). "Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." Id. (citing Strickland, 466 U.S. at 690). Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Strickland, 466 U.S. at 691. A decision not to investigate is assessed for reasonableness by considering all the circumstances. Id. In this case, trial counsel Christopher Rabby set forth in significant detail all the communications and contact he had with Defendant about his case including review of discovery matters and Defendant's decision to plead guilty without the benefit of an agreement to cooperate with the Government (doc. 410, exh. G). Defendant does not state what information he believes counsel's investigation would have unearthed that would have altered the outcome of the proceedings. The vague suggestion that if counsel had investigated, counsel would have discovered facts which might have afforded Defendant a legitimate defense does not support a conclusion that counsel's performance was

constitutionally deficient.  Boyd v. Commissioner, Alabama Dep't of Corrections, 697 F.3d 1320, 1334 (11th Cir. 2012); *see also* Yarborough v. United States, 2013 WL 2158586 (11th Cir. 2013) (rejecting claim that counsel's failure to investigate was deficient because alleged deficiency did not prejudice complaining defendant); Diaz v. United States, 507 F. App'x 849 (11th Cir. 2013) (same).

Defendant also contends that counsel failed to advise him of any potentially viable defenses.  Counsel did note a partial alibi defense due to Defendant's incarceration during a portion of the conspiracy (doc. 410 exh. G at 4; doc. 166). However, Defendant does not suggest what defense, if any, may have been applicable to the facts of his case, so again, he has failed to meet either prong of the Strickland test.

Defendant's hollow assertions assailing the performance of his attorneys are contradicted by the record and the affidavits of both trial and appellate counsel (doc. 410, exhs. G, J).  He was released  pending sentencing (doc. 202 at 14) and also allowed six weeks after sentencing before he was required to turn himself in (doc. 336 at 13–14).  In light of the abundant evidence against him, counsel advised him to cooperate, but Defendant declined to do so.  There is no basis for this court to conclude that either trial or appellate counsel was constitutionally ineffective, and Defendant is not entitled to relief.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy

the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Defendant's Motion to Supplement (doc. 501) is **GRANTED** only to the extent that the court has considered Defendant's argument in preparing this recommendation.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 403) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of September, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).